## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DONALD RAY WASHINGTON (#380896)**         **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN**                         **NO. 10-0018-FJP-DLD**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 17, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DONALD RAY WASHINGTON (#380896)**               **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN**                                        **NO. 10-0018-FJP-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion to Dismiss of defendant Burl Cain, rec.doc.no. 7.  This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and, by amendment, added as defendants the Louisiana Department of Public Safety and Corrections and Classification Supervisor Ernest Williams.  The plaintiff complains that his constitutional rights have been violated by his continued confinement in segregated confinement for more than ten (10) years.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ____ U.S. ____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to

dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id.  The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra.  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra.  See also Bell Atl. Corp. v. Twombly, supra.  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In the instant case, the plaintiff alleges that he entered the Louisiana State Penitentiary in August, 1999, and was classified at that time to "CCR", a segregated extended lock-down unit. Although he was not informed of the reason for this initial classification, he subsequently learned, in March, 2008, that he was so classified because of criminal charges levied against him in May, 1999, accusing him of three counts of battery on a deputy and three counts of resisting a deputy in the Jefferson Parish Jail.  The plaintiff asserts, however, that he was never prosecuted on these charges and that the charges were in fact dropped in 1999 or 2000.  He complains that, notwithstanding the dropping of these charges, prison officials have utilized the charges as justification to maintain him in extended lock-down, even though the prison does not have a policy

"of placing inmates in lock-down confinement for allegations of assaulting a jailor." To the contrary, the plaintiff asserts that, "[a]ccording to the policy here at Angola, a prisoner would not be held in continuous lock-down custody for the original reason to justify cell confinement, or prolonged confinement." (Emphasis added). Notwithstanding, when the plaintiff is periodically reviewed for a change in his custody status, prison officials have maintained him segregated confinement because of the "nature of original lock-down or initial classification." The plaintiff concedes that in December, 2007, he was found guilty of disciplinary violations (Defiance and Aggravated Disobedience) and was sentenced at that time to disciplinary segregated confinement in Camp J at LSP. He complains generally, however, that his long-term confinement in extended lock-down has resulted in a violation of his constitutional rights, has resulted in a deprivation of "proper sleep, exercise, social contact and environmental stimulation", and has resulted in his inability to effectively pursue habeas corpus relief or to practice his religion. He further complains that he has suffered health complications as a result of his long-term confinement and that he has not received appropriate medical treatment for his medical complaints.

In response to the plaintiff's contentions, defendant Cain first contends that any claim for monetary damages asserted against the defendant in the defendant's official capacity should be dismissed pursuant to the Eleventh Amendment to the United States Constitution. This Amendment prohibits the bringing of a lawsuit in federal court seeking monetary damages against a state, its agencies, or persons acting as official representatives thereof. In Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity claims and individual capacity claims and made clear that a claim asserted against a state official in his official capacity for monetary damages is treated as a claim against the State and is therefore barred by the Eleventh Amendment.[1] Accordingly, the

---

[1] In contrast, a suit against a state official in his individual or personal capacity, seeking to impose individual liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983

defendant's motion is well-taken in this regard, and the plaintiff's claim for monetary damages asserted against defendant Cain in the defendant's official capacity is subject to dismissal.

The defendant next contends that he is entitled to qualified immunity relative to the plaintiff's claims. Specifically, the defendant contends that the plaintiff has failed to sufficiently allege the defendant's participation in any violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendant asserts that the plaintiff's claim fails in the first instance because the plaintiff has failed to allege that the defendant has participated in any violation of the plaintiff's constitutional rights.[2]

Upon a review of the plaintiff's pleadings, the Court finds that the defendant's motion in this regard is also well-taken. Pursuant to well-settled legal principles, in order for a prison official to

---

lawsuit. Further, a state official in his or her official capacity, when sued for injunctive relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). See also 15 Am.Jur.2d Civil Rights § 101.

[2]   The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of a constitutional right, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that defendant Cain is responsible for the actions of his subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint and Amended Complaint, it appears that the plaintiff has insufficiently alleged that defendant Cain has taken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no assertion that defendant Cain participated directly or personally in the plaintiff's initial classification to segregated confinement in 1999, has had any involvement in subsequent periodic reviews of the plaintiff's custody status, or has had any personal involvement in the plaintiff's medical care, in his access to the courts, or in his efforts to practice his religious beliefs. In fact, in his initial response to the defendant's Motion to Dismiss, the plaintiff explicitly conceded that "Warden Cain was not responsible for the actions of those who had assigned him to CCR". Rec.doc.no. 10. Nor does the plaintiff allege that there is a wrongful policy or practice at LSP which may be attributed to the defendant warden. Rather, the plaintiff suggests that the contrary is true when he asserts that the policy at LSP, memorialized in LSP Directive 18.002, is to not maintain inmates in continuous segregated confinement solely because of previous assaults upon security officers or because of "the original reason" for the inmate's classification to segregated confinement. Id.

In his Complaint, as amended, the plaintiff asserts only that defendant Cain, as the Warden at LSP, "is in charge of the supervision and discipline of all correctional staff and Offenders" at the institution, "has direct involvement in implementing directives, policies, and rules of the Department, and "is subject to the standards and mandates enunciated in ... Directive 18.002."  Beyond this assertion of purely supervisory authority, the plaintiff makes only the conclusory assertions, supported by no factual allegations whatever, that the defendants, including defendant Cain, "have been, and are still aware of his extended confinement," that the defendant "knew he faced a substantial risk of harm, and ... disregarded that risk and took no measures to abate it," and that the defendant "is directly involved with placement of Offenders in ... CCR or extended lock-down."  This last assertion, however, is belied by the plaintiff's prior explicit concession, in an earlier pleading, that defendant Cain "was not responsible for those who had assigned him to CCR", and the plaintiff makes no factual assertion that defendant Cain had any involvement in the <u>plaintiff's</u> placement in CCR.  Further, the mere fact that the Warden's Office may have received and processed one or more administrative grievances filed by the plaintiff cannot be deemed sufficient to alert defendant Cain to a potential constitutional claim involving the plaintiff's continued confinement in extended lock-down.  Specifically, there is no suggestion that defendant Cain himself, the warden of a penal facility housing more than 5,000 inmates, reviewed the plaintiff's grievance or was otherwise personally placed on notice of the plaintiff's complaint.  And the law is clear that there is no constitutional violation in any alleged failure to investigate or respond favorably to an inmate's grievance.  See <u>Geiger v. Jowers</u>, 404 F.3d 371 (5th Cir. 2005).  Rather, it appears to the Court that it is not defendant Cain who is responsible for the plaintiff's complaint, but rather, if anybody, it is the classification officers and security officers who have been charged with periodically reviewing the plaintiff's custody status (at 90-day intervals) who are more appropriate to respond to his claim of over-long confinement in extended lock-down.  Specifically, there is no suggestion in the plaintiff's allegations that defendant Cain (1) knew facts or knew of a pattern of inappropriate behavior on the part of subordinate officers pointing plainly toward a conclusion that

the subordinates were violating the plaintiff's constitutional rights, (2) demonstrated deliberate indifference to those rights by failing to take action that was obviously necessary to prevent or stop the violation, and (3) that his failure to act caused a constitutional injury to the plaintiff.  See Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999).

Finally, the plaintiff's reliance on this Court's decision in Wilkerson v. Stalder, 639 F.Supp.2d 654 (M.D. La. 2007), is misplaced.  In Wilkerson, the high-profile and high-publicity plaintiffs provided substantive factual assertions in their pleadings that defendant Cain had direct and personal involvement in discriminating and/or retaliating against the plaintiffs and in determining to maintain the plaintiffs in segregated confinement for a period approaching thirty (30) years.  See Report and Recommendation dated March 28, 2002, denying the Motion to Dismiss of defendant Cain (wherein it was noted that the plaintiffs specifically alleged that Warden Cain had informed people "that the plaintiffs ... would not be released from extended lockdown because they had not reformed their political beliefs.").  In a subsequent Report, notably, the Wilkerson Court recommended dismissal of the plaintiffs' claims asserted against a second supervisory official – for lack of the defendant's personal and direct involvement – notwithstanding the plaintiffs' assertion, as in the instant case, that the defendant knew of the long-term confinement of the plaintiffs, had failed to take action to change the situation, and had been placed on notice of the claim by reason of the plaintiffs' administrative grievance.  Similarly, the plaintiff in the instant case has failed to credibly allege that defendant Cain has been directly and personally involved in the alleged violation of the plaintiff's constitutional rights.  As noted above, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief."  Bell Atl. Corp. v. Twombly, supra.  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, supra, and where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.  In the instant case, the plaintiff's

conclusory assertions of the personal involvement of defendant Cain in the violations alleged are insufficient to support a reasonable inference that defendant Cain is liable for the misconduct alleged.  Accordingly, this defendant is entitled to dismissal from this proceeding.

## RECOMMENDATION

It is recommended that the defendant's Motion to Dismiss, rec.doc.no. 7, be granted, dismissing the plaintiff's claims asserted against defendant Burl Cain, and that this action be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on August 17, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**